## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| THE DALLAS MORNING NEWS, INC., | |
| Plaintiff, | Civil Action No.  3:21-CV-1512 |
| v. | |
| HOLLY STARKS, and SEOTECH.DEV, LLC, | |
| Defendants. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff THE DALLAS MORNING NEWS, INC. ("Plaintiff" or "DMN, Inc."), hereby alleges the following causes of action against Defendants HOLLY STARKS ("Starks") and SEOTECH.DEV, LLC ("SEOTech.dev") (collectively, "Defendants") and requests relief from this Court based on the following:

### I.
### NATURE OF THE ACTION

1.      This is a complaint for injunctive relief and damages based on Defendants' repeated and ongoing infringement of Plaintiff's exclusive rights in violation of the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 501, *et seq.*, and circumvention of the copyright protection systems enacted pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, *et seq.*

2.     Plaintiff owns and operates *The Dallas Morning News* (*DMN*), a newspaper distributed both in print and online.[1] It also owns and operates *DMN*'s website, www.DallasNews.com ("DallasNews.com"), which serves as *DMN*'s home on the internet.

3.     *DMN* is Texas's leading newspaper and winner of nine Pulitzer Prizes. Its portfolio of products reaches an average daily audience of more than 1.1 million people, both in print and through its online presence at DallasNews.com.

4.     The information and content provided to subscribers through *DMN*'s print circulation and its online presence are the company's lifeblood. In order to support the high-quality journalism and content that its readers expect from *DMN*, Plaintiff limits online access to some of its content to subscribers, who pay a fee to access the content.

5.     Defendant Starks, on information and belief, owns and operates SEOTech.dev. Defendants are in the business of providing search engine optimization (SEO) services to their clients. Defendants are known colloquially as "black hatters," because their services are either illegal and/or done in violation of search engine's terms of service.

6.     One of the services that Defendants provide is to allow customers to artificially direct web traffic to certain websites. In furtherance of this scheme, Defendants have set up hundreds of dummy news websites, collectively referred to as "Holly's News Network."[2]

7.     Defendants monetize the websites in "Holly's News Network" by permitting their customers to manipulate search engine results through a process known as "backlinking." Through a subscription model, Defendants charge customers for the ability to author "guest posts" on

---

[1] As used in this Complaint, "DMN, Inc." shall refer to the Plaintiff, The Dallas Morning News, Inc. "*DMN*," (italicized and without the abbreviation "Inc."), shall refer to *The Dallas Morning News* newspaper, both print and online.

[2] *See Holly's News Network*, SEOTECH.DEV, https://news-network.seotech.dev/ (last accessed June 29, 2021).

Defendants' websites. The guest posts allow Defendants' customers to artificially inflate website traffic to certain sites by manipulating search engine results algorithms.

8.       Holly's News Network includes at least two websites, www.dailydallasnews.com and www.dailyarlingtonnews.com (the "Infringing Sites"), on which Defendants copy and post Plaintiff's copyrighted content without license or permission. The Infringing Sites include hundreds of instances in which Defendants post Plaintiff's copyrighted photographs and news articles, taken in their entirety from DallasNews.com. Many of the news articles appear to be slightly altered through the use of online translation software to avoid detection, but the content on the Infringing Sites remains substantially similar to Plaintiff's copyrighted content that it posts on DallasNews.com.

9.       Plaintiff has repeatedly notified Starks that she is infringing on Plaintiff's copyrights, but Defendants continue to willfully and knowingly misappropriate and infringe on Plaintiff's copyrights in its content. Plaintiff has submitted numerous takedown requests pursuant to the DMCA, requesting that Plaintiff's content be removed from the Infringing Sites.  But rather than complying with these requests, Defendants have knowingly and willfully disregarded Plaintiff's copyright claims.

10.      In response to Plaintiff's claims of copyright ownership, Starks has publicly stated that instead of complying with Plaintiff's DMCA requests, Defendants will simply move their websites, including the Infringing Sites, to hosting services that will disregard DMCA notice-and-takedown procedures. For example, in a March 9, 2021 live stream on YouTube, Starks described her process for evading Plaintiff's copyright claims, stating that she switched hosting companies six times to circumvent Plaintiff's DMCA takedown requests. In her live stream, Starks recommended that others in similar situations use a hosting service that "ignores DMCA, that's

offshore, that's not hosted in the U.S."[3] Starks also concedes in this same video that certain stories on the Infringing Sites occasionally "rank over" the corresponding content on DallasNews.com with respect to search engine results. *Id.*

11.     Defendants continue to willfully and knowingly circumvent *DMN*'s paywall and infringe Plaintiff's copyrights in the content it posts on DallasNews.com.  In doing so, Defendants have violated the United States Copyright Act and the Digital Millennium Copyright Act. Accordingly, Plaintiff is entitled to recover Defendants' profits, Plaintiff's actual damages or, alternatively, statutory damages, and attorney's fees. Plaintiff further requests that this Court enter an injunction preventing Defendants from engaging in their ongoing infringement of Plaintiff's copyrighted content through their "black hat" SEO scheme.

## II.
## THE PARTIES

12.     Plaintiff is a Delaware corporation registered to transact business in Texas, with its principal place of business in Dallas County, Texas, at 1954 Commerce Street, Dallas, Texas 75201.

13.     Defendant Starks is an individual whose home address is 2408 Pine View Lane, Janesville, Wisconsin 53546.

14.     Defendant SEOTech.dev is a Wisconsin Limited Liability Company whose registered agent is Austin Cooper, and whose principal home office is located at 2408 Pine View Lane, Janesville, Wisconsin 53546.

15.     Although Defendant Starks is not a resident of Texas and Defendant SEOTech.dev is a foreign limited liability company, Defendants have engaged in business in Texas without

---

[3] *See* Questions And Answers – YouTube, Update to the News Network etc., YOUTUBE.COM (Mar. 9, 2021), https://www.youtube.com/watch?v=T86BV7qVe1E&t=3699s.

designating or maintaining an agent for service of process and have committed the tort of copyright infringement at least in part in Texas, as further alleged herein. Accordingly, Defendants may be served by serving the Texas Secretary of State in accordance with Texas's long-arm provisions, including Texas Civil Practice and Remedies Code Sections 17.041-.045 at the following address: Service of Process, Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701. The Secretary of State shall mail a copy of the process to the Defendants at the addresses provided herein, as required by Section 17.045 of the Texas Civil Practice and Remedies Code.

### III.
### JURISDICTION AND VENUE

16.     This is a suit for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq.* and for circumvention of copyright protection systems under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, *et seq.* Accordingly, this Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (establishing federal subject-matter jurisdiction for copyright claims) and 1338(a) (any act of Congress relating to copyrights, patents, and trademarks).

17.     This Court has personal jurisdiction over Defendants. On information and belief, Defendants do significant business in this District, and Defendants have purposefully directed their tortious activities in the District by operating an infringing website, dailydallasnews.com, that specifically targets Texas readers.

18.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a), because Defendants, being subject to personal jurisdiction, are deemed to reside in this District, and because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this District.

**IV.**
**BACKGROUND**

A.   **Plaintiff's ownership and operation of *DMN* and Dallasnews.com.**

19.   Plaintiff realleges paragraphs 1 through 18 as if set forth fully herein.

20.   Plaintiff owns and operates award-winning daily newspapers. The company publishes *The Dallas Morning News*, Texas's leading newspaper and winner of nine Pulitzer Prizes. Its portfolio of print and digital products reaches an average daily audience of more than 1.1 million people.

21.   Plaintiff operates DallasNews.com, the website for *DMN*. Plaintiff provides a variety of digital products on this website, including a digital version of the print newspaper, as well as a variety of other print, digital, and multimedia content.

22.   Some of Plaintiff's digital products and services are exclusive to subscribers. Subscribers to *The Dallas Morning News* enjoy access to member-exclusive digital content on the website, as well as access to all news content on the *DMN* website. Non-subscribers seeking to access member-exclusive content arrive at a "paywall," inviting them to log in or subscribe to access the requested content.

23.   The material posted on Dallasnews.com, which includes news articles, photographs, images, illustrations, audio clips, video clips, trademarks, logos, site source code, codes, object codes, and other materials, is Plaintiff's property or the property of Plaintiff's affiliates, licensors, or their respective owners.

24.   Plaintiff regularly registers its copyrighted works with the United States Copyright Office. Plaintiff registered and is the owner of U.S. Copyright Nos. TX0008476081, TX0008547766, TX0008931713, TX0008945342, and TX0008951444 (the "Copyrights"). True

and correct printouts from the Copyright Office showing the registered Copyrights are attached hereto as Exhibit A.

**B.**     **Starks's and SEOTech.dev's "Black Hat" SEO Operation.**

25.     Starks and her company, SEOTech.dev, focus on providing search engine optimization (SEO) services to its clients. Starks is known as a "black hatter," *i.e.*, someone who performs unethical or illegal actions in violation of search engines' terms of use to artificially manipulate search-engine results.[4]

26.     As part of their business, Defendants own and operate "Holly's News Network," a network of websites that falsely pose as legitimate news websites, including, among others, dailydallasnews.com, dailychicagonews.com, dailyneworleansnews.com, and newstrends.info. Defendants claim that they control a network of more than 250 such websites.[5] Through a subscription model, Defendants charge customers for the ability to author "guest posts" on Defendants' websites. The guest posts allow Defendants' customers to artificially inflate website traffic to certain sites by manipulating search engine results algorithms.

27.     To maintain the appearance that Defendants' news sites are legitimate, Defendants populate the websites with content from legitimate news publications, including *The Dallas Morning News*. This practice tricks search engines such as Google into treating Defendants' websites as legitimate news sites, which in turn helps their customers artificially inflate their web traffic.

---

[4] *See, e.g.*, *Holly Starks – Black Hatter and Video Marketer*, RUNNING THE BASES PODCAST (Apr. 5, 2021), https://www.audible.com/pd/Holly-Starks-Black-Hatter-and-Video-Marketer-Podcast/B08XQY6X8L (last accessed June 29, 2021).
[5] *See Holly's News Network*, SEOTECH.DEV, https://news-network.seotech.dev/ (last accessed June 29, 2021).

28.     Attached to this Complaint as Exhibit B is an appendix identifying instances of Defendants' infringement of Plaintiff's copyrighted works (the "Infringed Works"). Plaintiff believes that many additional instances of infringement exist.

**C.      Defendants' Infringement of Plaintiff's Copyrights and Circumvention of Plaintiff's Copyright Protection Measures.**

29.     Plaintiff is the legal owner of the Copyrights, which cover all or substantially all the Infringed Works listed in Exhibit B. The Copyrights were duly and legally issued by the United States Copyright Office. Plaintiff is the exclusive owner of the Copyrights, and Defendants do not have a license to use or distribute any material on Dallasnews.com or to make any derivative works of the content.

30.     Defendants' misappropriation of Plaintiff's Copyrights through the creation and maintenance of a copycat website constitutes copyright infringement in violation of the Copyright Act and circumvention of copyright protection systems in violation of the DMCA. The availability of Plaintiff's content, including the Infringed Works, on the Infringing Sites has caused Plaintiff to sustain substantial damages.

31.     Upon learning about the existence of Plaintiff's copyrighted content on Defendants' Infringing Sites, Plaintiff promptly sent multiple takedown requests pursuant to the DMCA expressing its good-faith belief that the content on Defendants' website infringed its copyright interests and requesting that such content be taken down. Plaintiff's DMCA correspondence relating to content on the Infringing Sites is attached hereto as Exhibit C.

32.     In response, Defendants have deliberately attempted to evade Plaintiff's notice-and-takedown requests and continue to willfully misappropriate Plaintiff's copyrighted content. Starks has publicly commented regarding her attempts to evade copyright takedown notices:



See Starks's Mar. 6, 2021 Post, FACEBOOK.COM, (last accessed June 29, 2021) *available at* https://www.facebook.com/greeny1232/posts/10164827972370627.

33.     Despite Plaintiff's repeated efforts to remove infringing content on the Infringing Sites, Defendants have doubled down, continuing to copy Plaintiff's copyrighted content onto the Infringing Sites.

**V.**
**CAUSES OF ACTION**

**COUNT ONE:  COPYRIGHT INFRINGEMENT (17 U.S.C. § 501, *et seq.*)**

34.     Plaintiff realleges paragraphs 1 through 33 as if set forth fully herein.

35.     At all relevant times, Plaintiff was, and is, the owner of intellectual property and copyright interests in *The Dallas Morning News'* print newspapers and  website, DallasNews.com.

36.     Defendants copy and post a substantial amount of Plaintiff's original material that constitutes copyrightable subject matter pursuant to 17 U.S.C. § 102(a) and which is protected under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

37.     Through the Copyrights, Plaintiff has obtained Certificates of Registration for all or substantially all the Infringed Works, including Plaintiff's literary and visual works therein, with the United States Register of Copyrights and has at all times complied in all respects with the Copyright Act of 1976 and all other laws of the United States with regard to the Infringed Works.

38.     Defendants have deliberately and intentionally copied Plaintiff's literary and visual works posted by *The Dallas Morning News* on Dallasnews.com, including news stories and photographs.

39.     At no point did Plaintiff authorize Defendants to reproduce, adapt, create derivative works, or distribute any of the Infringed Works. Plaintiff has never granted Defendants express or implied permission to use any of the material on Dallasnews.com or any of the copyrightable subject matter posted thereon.

40.     Defendants copied the Infringed Works in a manner that infringes on Plaintiff's copyrights. As a direct result of Defendants' actions, Plaintiff has sustained, and will continue to sustain, substantial injury, loss, and damages.

41.     Defendants are additionally liable as a contributory infringer by inducing and encouraging third party visitors to view, download, and create infringing copies of the Infringed Works.

42.     Defendants' ongoing infringement is knowing and willful.

43.     By reason of Defendants' acts of copyright infringement, Plaintiff is entitled to recover actual damages and all profits received or otherwise achieved, directly or indirectly, by Defendants in connection with Defendants' marketing, advertising, distributing, and displaying the Infringed Works or the creation of derivative works thereof. In the alternative, Plaintiff is entitled to recover statutory damages as provided for in 17 U.S.C. § 504(c). Plaintiff is also entitled to recover reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

44.     Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages Defendants have obtained as a result of their acts of copyright infringement.

45.     Defendants' continuing acts of copyright infringement have caused, and unless enjoined will continue to cause, irreparable damage to Plaintiff in that Plaintiff will have no adequate remedy at law to compel Defendants to cease such acts.

46.     Absent injunctive relief, Defendants will continue to infringe on Plaintiff's copyrights in the Infringed Works. Plaintiff is therefore entitled to a permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all persons acting in concert with them from engaging in further acts of copyright infringement.

**COUNT 2:    CIRCUMVENTION OF COPYRIGHT PROTECTION SYSTEMS (17 U.S.C. § 1201, *et seq.*)**

47.     Plaintiff realleges paragraphs 1 through 46 as if set forth fully herein.

48.     Plaintiff alleges Defendant is liable for circumvention of copyright protection systems. *See* 17 U.S.C. § 1201.

49.     Plaintiff has ownership of valid copyright interests in the Infringed Works posted on Dallasnews.com.

50.     Plaintiff's copyrighted content on Dallasnews.com is effectively controlled by a technological measure, in the form of an electronic paywall limiting access to copyrighted content to subscribers.

51.     By misappropriating Plaintiff's copyrighted content and making it available online on dailydallasnews.com, outside the paywall, Defendants have circumvented Plaintiff's copyright protection measures in violation of Plaintiff's terms of service.

52.     As a direct result of Defendants' misappropriation and circumvention of Plaintiff's copyright protection systems, third parties can now access Plaintiff's copyrighted content.

53.     At no point did Plaintiff authorize Defendants to reproduce, adapt, create derivative works, or distribute any of the Infringed Works or circumvent Plaintiff's copyright protection

measures. Plaintiff has never granted Defendants any express or implied permission or license to use any of the material on Dallasnews.com or any of the copyrightable subject matter posted thereon.

54.     Defendants' circumvention of Plaintiff's copyright protection measures infringes on Plaintiff's copyright and facilitates third parties' infringement of Plaintiff's rights protected by the Copyright Act.

55.     Defendants' creation of a network of dummy news sites on which they post infringing content is designed and produced primarily for circumvention, and made available despite only limited commercial significance, if any, other than circumvention.

56.     Plaintiff has been damaged by Defendants' actions.

## VI.
## REQUEST FOR INJUNCTIVE RELIEF

57.     Plaintiff realleges Paragraphs 1 through 56 as if set forth fully herein.

58.     Defendants have violated 17 U.S.C. § 101, *et seq*. and Plaintiff is therefore entitled to injunctive relief under 17 U.S.C. § 502(a).

59.     Plaintiff requests that this Court issue injunctive relief enjoining Defendants and their officers, directors, agents, employees, successors, assigns and attorneys, and all other persons or entities in active concert or participation with Defendants who receive notice of the injunction, from doing, aiding, causing, or abetting the following:

    a.      Producing, manufacturing, distributing, adapting, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials, that are substantially similar to Plaintiff's original copyrighted content, including but not limited to content posted by *DMN* on the website Dallasnews.com.

b.    Engaging in any acts or activities directly or indirectly calculated to infringe upon Plaintiff's intellectual property rights and copyrights, including its copyrights in the Infringed Works and any copyrightable expression associated with *DMN* or the website DallasNews.com.

c.    Directly or indirectly using any duplication or reproduction of any of Plaintiff's copyright protected works, including but not limited to the copyrightable elements posted online at Dallasnews.com.

d.    Engaging in any acts or activities directly or indirectly calculated to trade upon Plaintiff's intellectual property, including the copyrightable elements of *DMN* and Dallasnews.com.

60.    Plaintiff will suffer irreparable damage, injury and harm for which there is no adequate remedy at law if Defendants are not enjoined from the conduct listed above.

61.    Public policy favors the protection of intellectual property rights, and the prevention of unfair competition and deceptive trade practices, and any injunctive relief granted herein will therefore be in accordance with public policy.

62.    The potential damage to Plaintiff if the injunctive relief requested herein is not granted far outweighs any harm that Defendants will suffer as a result of the requested injunctive relief. Injunctive relief is therefore appropriate.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that:

a.    Defendants be enjoined from reproducing, administering, displaying, or publishing Plaintiff's copyrighted work and from preparing and publishing any derivative works based upon Plaintiff's copyrighted work;

b.   Defendants be held liable for infringement of Plaintiff's copyrighted work;

c.   Defendants be ordered to account for and pay to Plaintiff all profits derived by reason of Defendants' acts alleged in this Complaint and to disgorge such profits to Plaintiff;

d.   Defendants be ordered to pay Plaintiff all actual damages Plaintiff has sustained as a result of Defendants' actions including, without limitation, damages to Plaintiff's business, reputation and goodwill, and the loss of sales and profits that Plaintiff would have made but for Defendants' acts;

e.   Alternatively, if Plaintiff so elects, and because Defendants' infringement was committed willfully, Defendants be ordered to pay statutory damages pursuant to 17 U.S.C. § 504 (c) (2);

f.   Defendants pay Plaintiff's reasonable attorney's fees and costs of this action, pursuant to 17 U.S.C. § 505;

g.   Defendants pay pre-judgment and post-judgment interest on any damages awarded; and

h.   The Court award Plaintiff all other relief it deems justified.

Respectfully submitted,


 */s/ Laura Lee Prather /*
Laura Lee Prather
laura.prather@haynesboone.com
Texas Bar No. 16234200
**HAYNES AND BOONE, LLP**
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone: (512) 867-8400
Telecopier: (512) 867-8470

Thomas J. Williams
thomas.williams@haynesboone.com
Texas Bar No. 21578500
**HAYNES AND BOONE, LLP**
301 Commerce Street, Suite 2600
Fort Worth, Texas 76102
Telephone: (817) 347-6600
Telecopier: (817) 347-6650

**ATTORNEYS FOR PLAINTIFF**